1 JOHN M. BEGAKIS (Bar No. 278681)
john@altviewlawgroup.com
2 JASON W. BROOKS (Bar No. 249344)
Jason@altviewlawgroup.com
3 **ALTVIEW LAW GROUP, LLP**
4 12100 Wilshire Boulevard, Suite 800
Los Angeles, California 90025
5 Telephone: (310) 230-5580
6 Facsimile: (310) 943-2540

7
*Attorneys for Plaintiff*
8 DESILU STUDIOS, INC., a Delaware
9 corporation

10

11 UNITED STATES DISTRICT COURT

12 FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DESILU STUDIOS, INC., a Delaware corporation,<br><br>           Plaintiff,<br><br>      vs.<br><br>CBS STUDIOS, INC., a Delaware corporation,<br><br>           Defendants. | CASE NO:<br><br>**COMPLAINT FOR:**<br><br>1. **Declaratory Relief**<br>2. **Trademark Infringement**<br>3. **Tortious Interference with Prospective Economic Relations**<br>4. **Unfair Business Acts and Practices in Violation of Cal. Bus. & Prof. Code §§ 17200,** *et seq*.<br>5. **Accounting** |

COMPLAINT

Plaintiff DESILU STUDIOS, INC., a Delaware corporation authorized to conduct business in California ("Desilu"), by and through its undersigned counsel of record, hereby alleges the following:

## THE PARTIES

1. Desilu is, and at all relevant times herein was, a corporation existing under and by virtue of the laws of the State of Delaware and authorized to conduct business in the State of California, with its principal place of business located at 1600 Rosecrans Avenue, Manhattan Beach, California 90266.

2. Desilu is informed and believes and, on the basis of such information and belief, alleges that Defendant CBS STUDIOS, INC. ("CBS") is, and at all relevant times herein was, a corporation existing under and by virtue of the laws of the State of Delaware, with its principal place of business located at 51 West 52nd Street, New York City, New York 10019.

## JURISDICTION & VENUE

3. This Court has subject matter jurisdiction over Desilu's claims pursuant to 15 U.S.C. §§ 1121(a) and 1125(d), and 28 U.S.C. §§ 1331 and 1338(a) and (b), because this lawsuit arises, in part, from a claim for trademark infringement under the Lanham Act. Additionally, this Court has supplemental jurisdiction over all additional non-federal claims, pursuant to 28 U.S.C. § 1367.

4. This Court has personal jurisdiction over CBS because, among other things, CBS is doing business in the State of California and in this judicial district, the acts of infringement complained of herein occurred in the State of California and in this judicial district, and CBS has caused injury to Desilu and Desilu's intellectual property within the State of California and within this judicial district.

5. Venue is proper in the Central District of California pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the Complaint occurred in this District.

///

# FACTS COMMON TO ALL CAUSES OF ACTION

## A. The History Of Desilu Productions

6. In or about 1950, many years prior to Desilu's current existence, silver screen icons Lucille Ball and Desi Arnaz, who are best known for starring in the critically acclaimed television series *I Love Lucy*, coined the term "Desilu" and used it as the name of their production company Desilu Productions, Inc. ("Desilu Productions").

7. In or about 1967, Desilu is informed and believes and, on the basis of such information and belief, alleges that Desilu Productions, which at this point had acquired and built an impressive library of television series' that included *Star Trek* and *Mission: Impossible*, was acquired in its entirety by Gulf & Western Industries, Inc., the parent company of Paramount Pictures Corporation (collectively, "Paramount").

8. Desilu is informed and believes and, on the basis of such information and belief, alleges that Paramount continued operating Desilu Productions until on or about December 29, 1967, when the company was dissolved and reincorporated as Paramount Television.

9. Desilu is informed and believes and, on the basis of such information and belief, alleges that from in or about 1997 to in or about 2001, Paramount filed applications for federal trademark registration of sixteen (16) different trademarks bearing the word "Desilu". Every single application was filed on a Section 1-B intent-to-use basis, and every single application was eventually abandoned before being used in interstate commerce.

10. On or about December 31, 2005, Plaintiff is informed and believes and, on the basis of such information and belief, alleges that Paramount contributed the stock of Desilu Productions to CBS. As part of this transaction, Paramount, vis-a-vis Desilu Productions, transferred the rights to some of Desilu Productions' television series library (i.e. the "Television Business") to CBS (collectively, the "Television

Business Transaction").

11. However, Desilu is informed and believes and, on the basis of such information and belief, herein alleges that, in this transaction, Paramount specifically excluded some television rights, and did not transfer any of the rights to any of Desilu Productions' feature film library. CBS ensured this acquisition included specific trademark rights in many of the specific television programs it acquired, including all of the rights in every trademark related to *I Love Lucy*. To Desilu's knowledge, however, CBS did not acquire any federally registered or common law trademark rights in any marks bearing the word "Desilu."

## B. Creation Of Desilu Studios And The New Desilu Brand

12. In or about 2013, Desilu's founder Charles Hensley, who has successfully created and operated several large corporations, decided to re-launch Desilu as a new, technology-focused film and television studio.

13. Accordingly, on or about May 4, 2017, Mr. Hensley formed Desilu Studios, Inc. On or about March 2, 2018, Mr. Hensley also formed Desilu Corporation.

14. On or about October 28, 2016, Mr. Hensley filed an application for registration of the word mark DESILU with the United States Patent and Trademark Office, bearing Application Number 87/220,063 in International Class 041 (for motion picture and television film production and distribution) on an intent-to-use basis (the "Application").

15. The Application was published for opposition on or about March 8, 2017. No one, including CBS, opposed the Application. Thus, on or about January 16, 2018, Mr. Hensley obtained registration of the word mark DESILU, bearing Registration Number 5,381,889 (the "Mark").[1] A true and correct copy of Plaintiff's Certificate of Registration of the Mark is attached hereto as Exhibit "A" and

---

[1] The Mark has since been assigned in its entirety to Desilu Corporation, and licensed to Plaintiff Desilu Studios, Inc.

incorporated herein by this reference.

## C. The Current Dispute

16. In or about early 2018, Desilu began conversations with Lucy Arnaz, the daughter of Lucille Ball and Desi Arnaz, and her family. The Arnaz family was excited about Desilu's resurrection and potential to regain prominence, and gave Mr. Hensley the family's blessing to continue with his efforts. The parties therefore discussed various ventures that could be jointly spearheaded under the new Desilu brand. At the time of these initial conversations, all parties involved expressed great interest in engaging in a long-term business relationship.

17. However, Desilu is informed and believes and, on the basis of such information and belief, herein alleges that CBS contacted Ms. Arnaz after learning about her developing relationship with Desilu, and instructed her not to have any further conversations with Desilu regarding the same.

18. Accordingly, Desilu necessarily files this Complaint, which seeks a declaratory judgment of Desilu's rights in the Mark, and monetary damages resulting from CBS' infringement of the Mark, to the extent that CBS has used a confusingly similar "Desilu" trademark (the "Competing Mark") on competing services.

## FIRST CAUSE OF ACTION

### Declaratory Relief

### (By Plaintiff Against Defendant)

19. Plaintiff repeats, realleges, and incorporates herein by this reference each and every allegation contained in ¶¶ 1 through 18, as though set forth in full herein.

20. An actual controversy exists between Desilu and CBS regarding whether CBS possesses common law trademark rights to exploit the Competing Mark.

21. An actual controversy exists between Desilu and CBS regarding whether a likelihood of confusion exists between the Mark and CBS' use of the Competing Mark in interstate commerce.

22. An actual controversy exists between Desilu and CBS regarding whether

1  CBS' use of the Competing Mark in interstate commerce infringes upon the Mark.

2      23.    Desilu reasonably anticipates litigation regarding the Mark, based upon Desilu's possession and use of the Mark, and CBS' attempts to interfere with such use of the Mark by Desilu. On that basis, an actual controversy exists between Desilu and CBS. Therefore, Desilu requests that this Court grant declaratory relief, declaring that (a) CBS possesses no common law trademark rights in the Competing Mark; and (b) a likelihood of confusion exists between the Mark and CBS' use of the Competing Mark in interstate commerce amounting to infringement of the Mark by CBS.

    24.    Desilu is informed and believes and, on the basis of such information and belief, alleges that CBS' wrongful activities have caused, and unless enjoined by this Court will continue to cause, irreparable injury and other damage to Desilu's business, reputation, and goodwill. Desilu has no adequate remedy at law.

## SECOND CAUSE OF ACTION

### Trademark Infringement

### (By Plaintiff Against Defendant)

    25.    Plaintiff repeats, realleges, and incorporates herein by this reference each and every allegation contained in ¶¶ 1 through 24, as though set forth in full herein.

    26.    To the extent CBS has used the Competing Mark as a trademark in connection with competing television production and distribution services, CBS' actions constitute trademark infringement in violation of 15 U.S.C. § 1114 and 1125(a).

    27.    As a direct and proximate result of CBS' actions as alleged herein, Desilu is entitled to recover damages in an amount to be determined at trial, profits made by CBS in using the Competing Mark in interstate commerce for as long as Desilu has possessed valid rights in the Mark, and the costs of this action.

    28.    Desilu is informed and believes and, on the basis of such information and belief, herein alleges that CBS' actions, as alleged herein, were undertaken willfully and with the intention of causing confusion, mistake, or deception, making this an

exceptional case entitling Desilu to recover additional treble damages and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117.

29. CBS' actions, if not enjoined, will continue. Accordingly, Desilu is entitled to injunctive relief pursuant to 15 U.S.C. § 1116.

### THIRD CAUSE OF ACTION

**Tortious Interference with Business Contracts**

**(By Plaintiff Against Defendant Wade and DOES 1-15)**

30. Plaintiff repeats, realleges, and incorporates herein by this reference each and every allegation contained in ¶¶ 1 through 29, as though set forth in full herein.

31. At all relevant times herein alleged, Desilu was working preliminarily with Lucy Arnaz, and her family, to ideate and develop various projects to be spearheaded by Desilu.

32. Desilu is informed and believes and, on the basis of such information and belief, herein alleges that CBS was aware of this developing arrangement between Desilu and the Arnaz family.

33. CBS intended to, and did, disrupt the full and complete performance of Desilu's developing arrangement with the Arnaz family, by, among other things, contacting Lucy Arnaz and essentially forcing her to cease working on any projects the Arnaz family was developing with Desilu.

34. As a direct and proximate result of CBS' conduct, Desilu has suffered monetary damages in an amount to be proven at trial.

### FOURTH CAUSE OF ACTION

**Unfair Business Practices In Violation of**

**Cal. Bus. and Prof. Code §§ 17200, *et seq*.**

**(By Plaintiff Against Defendant)**

35. Plaintiff repeats, realleges, and incorporates herein by this reference each and every allegation contained in ¶¶ 1 through 34, as though set forth in full herein.

36. CBS' conduct, as alleged herein, violates California law, and thus

constitutes unfair and unlawful business acts and practices, in violation of California Business and Professions ("Cal. Bus. and Prof.") Code §§ 17200, *et seq*.

37. A violation of Cal. Bus. and Prof. Code §§ 17200, *et seq*. may be predicated on violation of any state or federal law. In the instant case, CBS' actions in, among other things, infringing upon Desilu's rights in the Mark via its use in interstate commerce of the Competing Mark, violated, *inter alia*, the Lanham Act.

38. Desilu has been personally aggrieved by CBS' unlawful business acts and practices, as alleged herein, including, but not limited to, through the loss of money and/or property.

39. Pursuant to Cal. Bus. and Prof. Code §§ 17200, *et seq*., Desilu is entitled to an award of reasonable attorneys' fees pursuant to CCP § 1021.5 and other applicable laws, as well as an award of costs.

## FIFTH CAUSE OF ACTION

### Accounting

### (By Plaintiff Against Defendant)

40. Plaintiff repeats, realleges, and incorporates herein by this reference each and every allegation contained in ¶¶ 1 through 39, as though set forth in full herein.

41. The amount that CBS owes to Desilu for CBS' use in interstate commerce of the Competing Mark is uncertain, not readily ascertained by a simple calculation, and can only be ascertained by an accounting.

42. Desilu is informed and believes and, on the basis of such information and belief, herein alleges that, as a result of CBS' infringing use of the Competing Mark as alleged herein, CBS has received profits and/or other monies due and owing to Desilu.

43. The precise amount of any profits and/or other monies due and owing from CBS to Desilu cannot be readily ascertained at this time without a full accounting thereof.

## PRAYER FOR RELIEF

WHEREFORE, Desilu prays for judgment against CBS as follows:

1. For temporary injunctive relief;
2. For permanent injunctive relief;
3. For a declaration of the rights and obligations of the parties as it relates to ownership of the Mark;
4. For an accounting between Desilu and CBS of all books and records pertaining to CBS' unauthorized use of a common law mark identical to the Mark;
5. For general damages in an amount to be proven at trial;
6. For special damages in an amount to be proven at trial;
7. For treble damages in an amount to be proven at trial;
8. For punitive and/or exemplary damages in an amount to be proven at trial;
9. For reasonable attorneys' fees and costs of suit incurred herein;
10. For pre-judgment interest according to proof at trial; and
11. For such other and further relief as this Court deems just and proper.

Dated: April 9, 2018

Respectfully submitted,

**ALTVIEW LAW GROUP, LLP**


By: /s/ John Begakis
JOHN M. BEGAKIS
JASON W. BROOKS
*Attorneys for Plaintiff*
DESILU STUDIOS, INC., a Delaware corporation